1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DAN S. GEIGER,                          CV F   06-1766 AWI DLB HC

10            Petitioner,                  FINDINGS AND RECOMMENDATIONS
                                           REGARDING PETITION FOR WRIT OF
11      v.                                 HABEAS CORPUS PURSUANT TO 21 U.S.C.
                                           § 2241
12
    JEFF WRIGLEY, et.al.,                  [Doc. 1]
13
              Respondent.
14  _____/

15
16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.

18        Petitioner filed the instant petition on December 7, 2006.  Petitioner contends that he is

19  being denied access to the courts by the Sixth Circuit Court of Appeals failure to rule on his

    pending appeal and motions.
20
21                               DISCUSSION

22        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

23  review of each Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it

24  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the

    district court."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908
25
    F.2d 490 (9th Cir. 1990).
26
27        Writ of habeas corpus relief extends to a person in custody under the authority of the

28  United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal

1

1  prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the

2  United States." 28 U.S.C. § 2241(c)(3).

3          In his petition, Petitioner states that he is currently in custody serving a 108 month

4  sentence at the Taft Correctional Institution, with a projected release date of June 17, 2012.

5  Petitioner states that he filed a timely notice of appeal in February 2005, which was dismissed

6  then immediately reinstated by the Sixth Circuit in July 2005.  Petitioner indicates that there is no

7  appellate briefing schedule at this time.  Petitioner filed a timely motion for leave to appeal in

8  forma pauperis, appointment of counsel, and for transcripts.  The District Court denied the

9  motions in October 2005, and ordered that the motions be re-filed in the Sixth Circuit Court of

10 Appeals.  Petitioner contends that he is unlawfully being denied access to the courts due to the

11 delay in the appellate court addressing his pending appeal and motions, thereby warranting relief

12 by way of release pending appeal.  (Petition, at 7.)

13         Petitioner fails to state a cognizable claim pursuant to section 2241.  First, this Court has

14 no power or jurisdiction over actions taken or not taken by the Sixth Circuit Court of Appeals.

15 Second, Petitioner's claim that he is being denied access to the court, is without merit.

16         Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey,

17 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the

18 inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

19 rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances

20 or to litigate effectively once in court.  Id.

21         In his petition, Petitioner states that on November 2, 2006, he contacted Ms. Diane

22 Schnur, Case Manager at the Sixth Circuit, to discuss the status of his unopposed motions.  "She

23 stated at that time that no decision or order had been issued by the Court, no judicial panel or

24 single judge had been assigned to either the case or particular motions, and that there is no time

25 designation when such order may be issued.  Ms. Schnur further stated that all motions were

26 referred to staff attorneys for review and that if, and when they decided that the motions

27 warranted judicial review, that is when a panel would be convened."  (Petition, at 9.) (Emphasis

28 in original.)  Thus, it is evident that the Sixth Circuit is aware of Petitioner's pending motions

                                                    2

1   and will issue a ruling in due course.  Thus, Petitioner has not been denied access to the court.

2                                        RECOMMENDATION

3          Based on the foregoing, it is HEREBY RECOMMENDED that:

4          1.       The instant petition for writ of habeas corpus be dismissed for failure to state a

5                   claim upon which relief may be granted; and

6          2.       The Clerk of Court be directed to enter judgment.

7          This Findings and Recommendations is submitted to the assigned United States District

8   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

9   the Local Rules of Practice for the United States District Court, Eastern District of California.

10  Within fifteen (15) days after being served with a copy, any party may file written objections

11  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

12  to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

13  and filed within ten (10) court days (plus three days if served by mail) after service of the

14  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

15  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

16  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

17  Cir. 1991).

18

19          IT IS SO ORDERED.

20      Dated:    January 16, 2007                    /s/ Dennis L. Beck

21  3b142a                                       UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

                                                   3